ODOM, Justice
 

 (dissenting).
 

 I dissent from the ruling that defendants are entitled to a re-trial of the issue as to whether the crime was prescribed. It is true, of course, that no person may be. punished for a crime which has prescribed. The defendant in any case may raise the question of prescription by filing his plea after conviction. When he does, the judge must hear such evidence as he produces in support of the plea, and pass upon it.
 

 In this case, the indictment was returned on April 13, 1939, and it was alleged that the offense was committed on March 13, 1937. So that the indictment was returned more than one year after the alleged offense was committed. But the district attorney negatived prescription by alleging that the commission of the offense was not made known to any officer until a short time prior to the filing of the indictment.
 

 At the trial of the case the district attorney introduced testimony before the jury sufficient in the opinion of the trial judge, according to his per curiam, to show that knowledge of the commission of the offense had not come to the officers, as alleged in the indictment. Defendants offered no testimony touching that point. They did not ask that the question of prescription be
 
 *1195
 
 submitted to, and passed upon by, the judge. The jury evidently believed that the crime was not prescribed; otherwise accused would not have been convicted.
 

 After the conviction, accused filed a plea of prescription and asked that it be passed upon by the judge. The issue as to whether the ¿rime was prescribed having been raised by the State in the indictment, and the district attorney having introduced testimony touching that point, and the defendants not having introduced any testimony to contradict that offered by the district attorney, they should not now be permitted a re-trial of that issue.
 

 I dissent.